UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

      v.                                 08-CR-0077

LINDA O'CONNOR,

                             Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

        The government appeals the Magistrate Judge's Order granting Defendant's motion to reconsider his prior determination to detain Defendant pending trial and ordering that Defendant be released upon certain terms and conditions.

**I.      FACTS**

        Defendant was initially charged in a criminal complaint with selling her daughter to an adult male for purposes of being portrayed in a sexually explicit visual depiction, in violation of 18 U.S.C. § 2251A(a),(b); 2251(a)(b); 2423(b); and 2252A(a)(5)(B).  Thereafter, Defendant was charged in a seven-count indictment with Selling a Child for Purposes of Producing Child Pornography, Sex Trafficking of a Child, Production of Child Pornography, and Possession of Child Pornography.

        At the initial detention hearing, the Magistrate Judge found that there was no condition or combination of conditions that would reasonably assure Defendant's appearance at trial.  The bases for this finding included that: (1) Defendant has a history of mental health problems; (2) she is of limited financial means; (3) she lacks ties to the community; (4) she

has a extensive criminal history; (5) she is subject to serious charges; and (6) if convicted, she faces the possibility of life in prison.

By letter dated March 14, 2007, Defendant moved for reconsideration of her detention.  The basis for the motion for reconsideration was: (1) since the initial detention hearing Defendant received voluminous discovery, none of which corroborated the victim's statements; (2) there was no evidence that Defendant owned a computer; and (3) Defendant passed a polygraph examination.  The Magistrate Judge granted the motion for reconsideration and held a second detention at that hearing.  Based primarily on: (1) the presumption of innocence; (2) the Magistrate Judge's conclusion that there was a lack of corroborating evidence; (3) a belief that the victim may not have testified before the grand jury; (4) the need for Defendant to be available to work with her attorney in preparing a defense; and (5) the results of the polygraph examination, the Magistrate Judge concluded that there were a set of conditions that would ensure Defendant's appearance at further court proceedings.

The government now appeals that decision.

## II.      STANDARD OF REVIEW

Pursuant to 18 U.S.C. § 3145(a), a person ordered detained by a magistrate judge may file a motion for revocation or amendment of the order with a court having original jurisdiction over the offense.  The Court will "fully reconsider" the magistrate's decision and will reach its own "independent conclusion."  U.S. v. Leon, 766 F.2d 77, 80 (2d Cir. 1985); U.S. v. Carter, 916 F. Supp. 193, 195 (N.D.N.Y. 1996).  The government has the burden to establish by clear and convincing evidence that a defendant is a danger to the community. The government has the burden of demonstrating risk of flight by a preponderance of the

evidence.  U.S. v. Sabhnani, 493 F.3d 63, 75 (2d Cir. 2007).  Proof of either is sufficient to

warrant detention.

**III.      DISCUSSION**

        For the following reasons, and based upon the relevant considerations, the Court

finds that the government has amply demonstrated a risk of flight and a lack of conditions

that would ensure Defendant's appearance and, therefore, detention is warranted.

        First, pursuant to 18 U.S.C. § 3142(e), there is a rebuttable presumption that no

condition or combination of conditions will reasonably assure Defendant's appearance as

required.  The Court finds that Defendant's evidence is insufficient to overcome this

presumption.  Even if the evidence is sufficient to overcome the presumption, based upon

the totality of the relevant considerations (as will be discussed), the Court finds that detention

is warranted.

        Second, although Defendant may have passed the polygraph exam as

administered by Mr. Sabloski, none of the questions submitted to the Court directly relate to

the issues of whether Defendant is either a risk of flight, a danger to the community, or

whether she is likely to abide by any terms and conditions imposed upon her if she were to

be released pending trial.  Those, of course, are the main issues presented for

determination.  The questions posed by the polygraph examiner and presented to the Court,

however, pertained solely to issues concerning Defendant's guilt or innocence in connection

with the charges against her.  This tends to reduce the relevancy of the polygraph findings for

purposes of this proceeding.  See United States v. Bellomo, 944 F. Supp/ 1160, 1163 ("The

issue now before the Court is whether there is a risk that Bellomo will flee the jurisdiction or

endanger others before the trial can be held, not whether he is guilty or innocent of the

charges in the indictment.  The polygraph results therefore are relevant only to the extent they bear on whether Bellomo has an incentive to flee or poses a threat to the community.").

Further, it is well-settled that polygraph evidence is unreliable.  United States v. Scheffer, 523 U.S. 303, 309, 118 S. Ct. 1261 (1998); United States v. Kwong, 69 F.3d 663, 668 (2d Cir. 1995); United States v. Rea, 958 F.2d 1206, 1224 (2d Cir. 1992).  This Court is not persuaded that the polygraph evidence is of any probative value and, accordingly, this Court puts little weight in the results of the polygraph test.

Third, the nature and circumstances of the charged offenses weigh heavily in favor of detention.  The charges against Defendant are crimes of violence involving a minor victim - her own daughter.  As noted, based upon these charges, there is a presumption that Defendant should be detained.  If convicted, Defendant faces a statutory minimum of 30 years and a statutory maximum of life imprisonment.  Her preliminary sentencing guidelines calculation recommends life imprisonment.  Given the nature of the offenses and the penalties attached to them, Defendant has significant impetus to flee.  Even without the statutory presumption, the Court finds that, based on the nature of the charges and the penalties associated with them, their nature and circumstances weigh in favor of detention.

Fourth, the Court must consider the weight of the evidence against Defendant.  The government has the testimony from the minor victim.  The minor victim's statements are compelling evidence against Defendant.  The Court is no so quick to discount the testimony of the minor victim.  Although it appears that the minor victim did not originally implicate Defendant, there is little evidence suggesting that the minor has been untruthful.  Although the Magistrate Judge noted at the detention hearing that minors sometimes have problems with veracity, it is equally known that minor victims of sexual abuse often repress memories

of their abuse.  This Court finds it no more appropriate to *assume* that the victim was not truthful than to assume that she repressed any memories of abuse by her mother.  The Court finds that the victim's rather detailed testimony is strong evidence against Defendant.

Aside from the victim's statements, there is no smoking gun evidence.  That does not, however, mean that the evidence is weak.  There is evidence that tends to corroborate the victim's statements.  For example, the victim testified to having sex at a certain hotel in Johnson City, New York.  Investigators located photographs of the victim at that very same hotel.  This corroborates the fact that the victim was at the hotel she identified.  When considering the facts that the victim was at the hotel with Defendant and that Defendant did not live very far away from the hotel, questions are raised as to why Defendant would have been at a hotel, together with her daughter, so close to their home.  Further, the investigation did reveal the existence of cameras (both in Defendant's and her co-defendant's possession) and computers, as explained by the victim.  Also, there is undisputed testimony that Defendant allowed her daughter to have unsupervised contact with the co-defendant despite a Family Court Order prohibiting Defendant from allowing the co-defendant to have contact with the minor victim.  This supports the allegation that Defendant knowingly permitted her daughter to be in co-defendant's presence.  While not direct evidence, it tends to support the government's allegations.  For these reasons and the reasons stated by the Magistrate Judge in his initial detention order, the Court finds that this factors weighs in favor of detention.

Fifth, the history and characteristics of Defendant strongly weigh in favor of detention.  Defendant is known to have certain mental health, social, and drug abuse problems.  She has no family ties to the community.  Her father is deceased and her mother

is believed to reside in New York City, although Defendant does not appear to have any regular contact with her mother.  Defendant's adult son lives in Louisiana.  One of Defendant's few questions to the Magistrate Judge upon the conclusion of the second detention hearing was whether she could call her son in Louisiana.  This raises concern to this Court whether Defendant might plan to leave the jurisdiction and go to Louisiana. Defendant has no significant community ties.  The Court has not been presented with any record of gainful employment.  The Court has been advised that her current landlord decided to initiate eviction proceedings against Defendant, thereby rendering her without a residence (or a known location where pre-trial services could implement electronic monitoring). Defendant's history as reported to this Court demonstrates an extremely unstable lifestyle that continues to today.

Defendant also has a significant criminal history.  The history consists primarily of several petit larceny charges, a prostitution charge, and numerous charges relating to forgery, theft of services, possessing forged instruments, and passing bad checks.  Her criminal history also reveals that she has violated the terms of probation and violated a court order.  Significantly, Defendant admittedly violated a Family Court Order forbidding Defendant from allowing the victim to have unsupervised contact with the co-defendant. Defendant also has committed new crimes while on probation.  Together, Defendant has demonstrated a complete lack of regard for the law and an inability to comply with court orders.

Sixth, consideration of the nature and seriousness of the danger to any person or the community that would be posed by Defendant's release also weighs in favor of detention. As noted, Defendant is charged with having engaged in rather horrific crimes involving her

own daughter.  As also noted, her criminal history evidences a charge of prostitution and numerous charges relating to fraud.  Given Defendant's unstable lifestyle, her limited means, her criminal history, and the nature and seriousness of the charges against her, the Court finds that she does present a danger to the community.

It is also important to note that the trial in this matter has been scheduled for April 28, 2008.

## IV.     CONCLUSION

Based upon all the above factors, and, in particular, the nature and seriousness of the offense, Defendant's lengthy criminal history indicating a lack of regard for the law and court orders, her lack of any family or community ties, her lack of a residence to return to if she were released (and, thus, an inability to institute electronic monitoring), the Court finds that the government has established by a preponderance of the evidence that Defendant poses a serious flight risk and that there is no condition or combination of conditions that would reasonably assure Defendant's future appearance.

Accordingly, the Magistrate Judge's determination to release Defendant upon certain terms and conditions is REVERSED.  Defendant shall remain detained pending trial.

IT IS SO ORDERED.

Dated:   April 2, 2008

Thomas J. McAvoy
Senior, U.S. District Judge