UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

     v.                                     08-CR-77

LINDA O'CONNOR,

                              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

Defendant Linda O'Connor was charged in an Indictment alleging: (1) Selling a Child for the Purpose of Producing Child Pornography, in violation of 18 U.S.C. § 2251A(a) (Count 1); (2) Sex Trafficking of a Child, in violation of 18 U.S.C. §§ 1591(a), (b), 1591; 2 (Count 3); (3) Production of Child Pornography, in violation of 18 U.S.C. §§ 2251(a), 2 (Count 4); (4) Production of Child Pornography, in violation of 18 U.S.C. §§ 2251(b), 2 (Count 5); and (5) Possession of Child Pornography, in violation of 18 U.S.C. § 2256 (Count 7).  After a trial by jury, Defendant was convicted of Counts 1, 3, and 5, and acquitted of Counts 4 and 7.  Defendant now moves pursuant to Fed. R. Crim. P. 29 seeking a judgment of acquittal on Counts 1, 3, and 5.

**I.**     **STANDARD OF REVIEW**

The Second Circuit recently explained the Rule 29 standard as follows:

Federal Rule of Criminal Procedure 29 provides that after a jury verdict, "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a); see also Fed. R. Crim. P. 29(c)(1) (allowing for such motions after jury verdicts).  "A defendant challenging the sufficiency of the evidence supporting a conviction faces

a 'heavy burden.'" United States v. Glenn, 312 F.3d 58, 63 (2d Cir. 2002) (quoting United States v. Matthews, 20 F.3d 538, 548 (2d Cir. 1994)).  A court may overturn a conviction on this basis "only if, after viewing the evidence in the light most favorable to the Government and drawing all reasonable inferences in its favor," it finds that "'no rational trier of fact' could have concluded that the Government met its burden of proof."  Glenn, 312 F.3d at 63 (quoting United States v. Morrison, 153 F.3d 34, 49 (2d Cir.1998)).  "'[T]he relevant question is whether . . . any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  Glenn, 312 F.3d at 63 (quoting Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed.2d 560 (1979)).  A court's analysis considers "'the evidence in its totality,' and the Government 'need not negate every theory of innocence.'"  Glenn, 312 F.3d at 63 (quoting United States v. Autuori, 212 F.3d 105, 114 (2d Cir. 2000)).

In order to "'avoid usurping the role of the jury,'" Autuori, 212 F.3d at 114 (quoting United States v. Guadagna, 183 F.3d 122, 129 (2d Cir.1999)), courts must "'defer to the jury's assessment of witness credibility and the jury's resolution of conflicting testimony'" when reviewing the sufficiency of the evidence.  Glenn, 312 F.3d at 64 (quoting United States v. Bala, 236 F.3d 87, 93-94 (2d Cir. 2000)); see also, e.g., Autuori, 212 F.3d at 114 ("We may not substitute our own determinations of credibility or relative weight of the evidence for [those] of the jury.").  The relevant inquiry is "'whether upon the evidence, giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt.'"

Where a fact to be proved is also an element of the offense, however, "it is not enough that the inferences in the government's favor are permissible."  United States v. Martinez, 54 F.3d 1040, 1043 (2d Cir. 1995).  A court "must also be satisfied that the inferences are sufficiently supported to permit a rational juror to find that the element, like all elements, is established beyond a reasonable doubt."  Id.  "[I]f the evidence viewed in the light most favorable to the prosecution gives 'equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence,' then 'a reasonable jury must necessarily entertain a reasonable doubt.'"  Glenn, 312 F.3d at 70 (quoting United States v. Lopez, 74 F.3d 575, 577 (5th Cir. 1996)).

United States v. Triumph Capital Group, Inc., — 487 F.3d —, —, 2008 WL 4349318 (2d Cir. 2008).

**II.      DISCUSSION**

    **a.      Count One**

Defendant moves for a judgment of acquittal on Count One on the ground that the government failed to prove the third element of the offense[1] which required the government to prove either that Defendant (i) knew that, as a consequence of the sale or transfer, S.O.[2] would be portrayed in a visual depiction engaging in, or assisting Dean Sacco, to engage in sexually explicit conduct; or (ii) intended to promote either the engaging in of sexually explicit conduct by the minor victim, S.O., for the purpose of producing any visual depiction of such conduct or the rendering of assistance by S.O. to Dean Sacco to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct.  The basis for Defendant's argument is that S.O.'s trial testimony was inconsistent with prior statements she made and that the government's other evidence did not corroborate her testimony.  For example, Defendant contends that the government never offered evidence that Defendant or Sacco possessed a silver camera with a zoom and flash, as described by S.O.  Defendant also contends that the testimony that would support her conviction on Count One[3] is inconsistent with the acquittal of Count Seven, which charged Defendant with possession of child pornography.

At trial, the government offered, among other things, the testimony of the victim, S.O.  S.O. testified that both Defendant and Sacco took pictures of sexual acts involving her.

---

[1] Defendant concedes that the other elements have been satisfied.

[2] Pursuant to N.D.N.Y.L.R. 8.1, only the initials of the minor victim are used.

[3] S.O. testified that Defendant took pictures of S.O. engaging in sex acts with Dean Sacco.

See Tr. at 1529.  There also was testimony that Sacco frequently took pictures of his sexual activity with the victim, that he sometimes used a silver camera with a zoom lens, and that he also used another camera.  See Tr. at 1528-29, 1556-59.  The trial evidence further demonstrated that Sacco had a proclivity for taking pictures of young girls in sexy poses. See e.g. Tr. at 502-504.

Looking at the evidence in the light most favorable to the government, the Court finds that there was sufficient evidence to establish the third element of the crime.  There is little doubt that the government's primary witness, S.O., made several statements that were not consistent.  A jury could have found that the victim suffered from credibility problems. That being said, the jury was free to conclude that there were valid reasons for any inconsistencies in her testimony, including, but not limited to, the delay between the events and her statements, the trauma she suffered, that the victim may have been apprehensive to disclose the full details of what happened to her, that the victim was afraid of saying things about her mother (Tr. at 1819), and the fact that the victim was taking certain medications. See e.g. United States v. Byrd, 210 Fed. Appx. 101 (2d Cir. 2006).  Credibility assessments are particularly within the province of the jury and courts must defer to the jury's assessment of witness credibility and resolution of conflicting testimony.  One of the important purposes of cross-examination is to put before the jury any credibility issues concerning a witness so the jury can make the necessary credibility determination.  See e.g. United States v. Joyner, 201 F.3d 61, 82 (2d Cir. 2000).  Here, any inconsistencies and credibility issues were put squarely before the jury to make its determination of which version of the facts was correct.

Based on the totality of the evidence introduced at trial, there were ample grounds upon which the jury could have found that the government satisfied the third element beyond

a reasonable doubt. For example, the jury could have credited the victim's testimony that Sacco had a camera, that Sacco used the camera to take pictures of sex acts with the victim, that Defendant knew that Sacco had and used a camera for this purpose,[4] and, thus, that Defendant knew that, as a consequence of giving custody of S.O. to Sacco, S.O. would be portrayed in a visual depiction engaging in, or assisting Dean Sacco, to engage in sexually explicit conduct. Such a conclusion is amply supported by the evidence and is sufficient to sustain the conviction on Count One. Moreover, such a conclusion would not conflict with the Defendant's acquittal of Count Seven.

### b. Count Three

Defendant moves for a judgment of acquittal of Count Three on the ground that the government failed to establish the elements of interstate commerce and a commercial sex act. As with Count One, the primary support for the conviction on this Count came from the minor victim. While there were bases upon which to reject the victim's testimony and it was evident that there was some confusion concerning the victim's description of the "Johns," it was up to the jury whether to believe her testimony. The jury could have credited the victim's contention that she was mixing up the identities of the males from the two times she claimed to have been prostituted out by Defendant at the Best Western Hotel. Tr. at 1538. The victim testified that Defendant brought the victim from their home to a national hotel chain,

---

[4] S.O. testified that both Defendant and Sacco took pictures. The jury may have discredited the testimony that Defendant took pictures of Sacco and S.O., but believed that Defendant was present when Sacco took pictures of S.O. and Defendant. Tr. at 1529. Similarly, based on S.O.'s testimony concerning the November 2006 incident, the jury may have concluded that Defendant was aware that Sacco was taking pictures of S.O. as of November 2006 and, with that knowledge, directed S.O. to go with Sacco in December 2006.

the Best Western, whereupon Defendant directed the victim to engage in sex acts with an unidentified male in exchange for money.

A national hotel that caters to interstate guests substantially affects interstate commerce. Heart of Atlanta Motel, Inc. v. United States, 379 U.S. 241 (1964). Thus, the interstate commerce element was satisfied. The exchange of money for sex is a commercial sex act, thereby satisfying that element. 18 U.S.C. § 1591(c)(1).

### c.     Count Five

Lastly, Defendant moves for a judgment of acquittal on Count 5 on the same grounds raised in connection with Count 1 above and on the ground that the government failed to establish the interstate commerce element. Defendant's initial argument as to Count 5 is rejected for the reasons previously stated. Thus, the Court will turn to the argument concerning the requirement that the government prove that the visual depiction was produced using materials that had been mailed or transported in interstate or foreign commerce.

In her testimony, S.O. did not specify a particular make or model of the camera used by Sacco. S.O. testified that, at some point, Sacco took pictures using a silver camera with a zoom lens and no flash. There also was testimony that Sacco used more than one camera. Moreover, there was a statement that, before engaging in sex acts with S.O., "Dean would touch something on the camera and then walk away." Tr. at 945. Additional evidence was before the jury that S.O. did not hear the camera make any noise. Tr. at 944. A jury could reasonably infer that a camera without a flash, that does not make any noise, that is

able to zoom in and out, and that operates after pushing a button, is a video camera.[5]  S.O. also testified that Sacco used a video camera.  Tr. at 1557058.  The evidence at trial further showed that Sacco owned and used a video camera and that he bought the video camera for purposes of producing pornography.  There was further evidence that Sacco purchased a Fuji zoom camera.  Moreover, the evidence at trial was that Sacco purchased three cameras from e-Bay using the Internet (one of which was a video camera, another of which was the Fuji zoom camera), the purchased cameras were manufactured outside the State of New York, and the cameras were shipped to Sacco in New Jersey where he lived.  From the totality of the evidence at trial, the jury could reasonably conclude beyond a reasonable doubt that one or more of the cameras used by Sacco were either: (1) manufactured outside of New York; (2) shipped in interstate commerce when initially ordered by Sacco; or (3) transported by Sacco in interstate commerce when he traveled from his residence in New Jersey to Norwich, New York.  These facts are enough to satisfy the interstate commerce element.

### III.     CONCLUSION

For the foregoing reasons, Defendant's motion for a judgment of acquittal pursuant to Fed. R. Crim. P. 29 is DENIED.

IT IS SO ORDERED.

DATED: October 17, 2008

Thomas J. McAvoy
Senior, U.S. District Judge

---

[5] Logic and reason support a conclusion that the camera used by Sacco was a video camera. This is because a video camera can be set to operate continuously whereas, with a regular camera, someone or something would have been needed to take the pictures while Sacco was engaging in sex acts with the victim.  See Tr. at 1558.